Froessel, J.
(dissenting). In this action to enforce a Vermont judgment obtained by plaintiff, a resident of that State, against defendant, a resident of this State, for alienation of the affections of plaintiff’s husband, plaintiff’s motion to strike out a defense in the answer and for judgment on the pleadings was granted by Special Term, and the judgment entered thereon affirmed by the Appellate Division. The answer in this action stated that many of the acts in the Vermont action “ were alleged to have occurred in the State of New York ”.
In 1935, section 61-b of the Civil Practice Act abolished actions for alienation of affections, and section 61-d, set forth in the answer in this action, provides, so far as pertinent: “No act hereafter done within this state shall operate to give rise, either *618 within or without this state, to any of the rights of action abolished by this article.” (Emphasis supplied.)
As we read this section, and in the light of the legislative declaration of the public policy of this State in section 61-a of the Civil Practice Act, its provisions may bar enforcement of the judgment sued on if based on acts occurring within this State, and that can only be determined at a trial. Indeed, section 61-d could have no other meaning, for, as pointed out in Judge Van Voobhis’ dissenting memorandum on the dismissal of a previous appeal in this case (1 N Y 2d 874), the “ only situations in which this section could be applied would be similar to this case ”. To hold that the statute does not apply to an action for the enforcement of a foreign judgment is to read it contrary to its express purpose.
As to the impact of the full faith and credit clause, we have already indicated in the dissenting memorandum hereinabove referred to that it is our opinion, in the light of the clear and strong expression of public policy hereinbefore referred to, that we are not required to enforce this judgment if it violates our statute.
The judgment of the Appellate Division and the judgment of Special Term should be reversed, and the motion denied, with costs.
Conway, Ch. J., Desmond, Fuld and Burke, JJ., concur with Dye, J.; Froessel, J., dissents in an opinion in which Van Voobhis, J., concurs.
Judgment affirmed.